IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DRUMMOND AMERICAN CORPORATION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 4:08-cv-393 |
| SHARE CORPORATION, JACK BRIERTON, and LEO SHARP, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are "Defendants' Motion for Leave to File Defendants' First Amended Answer" (Dkt. 21) and "Plaintiff's Response to Defendants' Motion for Leave to File First Amended Answer" (Dkt. 23). For the reasons set out below, Defendants' motion is denied.

## BACKGROUND

For the purposes of this motion, only a summary recitation of the facts is necessary. This lawsuit is one of six suits pending between Plaintiff Drummond and Defendant Share Corporation. In each suit, Plaintiff alleges that former Drummond agents violated the non-solicitation and non-disclosure provisions of their employment agreements with Drummond. According to the parties, one of these suits, styled *Drummond American LLC v. Share Corporation and Sheila Manning*, was tried to a jury in the Western District of Oklahoma and resulted in a verdict for the Plaintiff on August 24, 2009. Because of this development and evidence adduced during discovery Defendants now seek leave to file an amended answer to include the affirmative defense of res judicata and the defense that the damages, if any, were

1

caused by a third party. According to this court's scheduling order, all amended pleadings were to be filed by May 8, 2009. Therefore, Defendants' request to amend their answer is untimely, and is effectively a request to modify the scheduling order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order has been issued. *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). According to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the party seeking relief must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535. In considering whether good cause exists, the court must consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (quotations omitted).

Only after good cause is established, may the court consider the more liberal amendment standard of Rule 15(a). *Id.* Rule 15(a) requires that a court grant leave to amend "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Although the decision of whether to grant a motion to amend is within the trial court's exercise of discretion, Rule15(a) "evinces a strong bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). Therefore absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

2

of allowance of the amendment, futility of amendment, etc.— [leave to amend should be] freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotations omitted).

## ANALYSIS

In the present case, Defendants seek to amend their answer in two respects. Defendants first seek leave to include the affirmative defense of res judicata and second to add the defense that the damages, if any, were caused in part by a third party. Plaintiff opposes Defendants' motion arguing that Defendants have failed to demonstrate good cause to modify the scheduling order and that even if good cause does exist, amendment is improper because the proposed amendments would cause delay and are futile. The scheduling order in this case required all amended pleadings to be filed by May 8, 2009. Therefore this court must determine whether good cause exists to modify the scheduling order and, if so, whether leave to amend should be granted under Rule 15(a).

Defendants do not address the Rule 16(b) good cause standard in their motion for leave to amend. Instead Defendants only summarily cite the reasons amendment is sought. According to Defendants, the defense of res judicata was not available until after the entry of judgment in a related case in another court. Similarly, Defendants claim the defense that the damages, if any, were caused by a third party is based on evidence adduced during depositions and could not have been added until now. However, Defendants have not informed the court of how the judgment in the recently decided case affects their ability to plead the defense of res judicata. Nor have Defendants provided the court with any indication of what evidence adduced during depositions supports the defense that the damages were caused by a third party, when these depositions were conducted, or why this information could not have been obtained earlier. In short, Defendants

have done nothing to show that despite their diligence they were unable to comply with the scheduling order in this case. Therefore, under Rule 16(b), there is not "good cause" to modify the scheduling order. In the absence of good cause to modify the scheduling order, this court need not consider whether leave to amend should be granted under Rule 15(a).

## CONCLUSION

For the reasons set out above, Defendants' motion (Dkt. 21) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this the 30th day of October, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE